(37 Misc. Rep. 16.)

### PEOPLE v. COMMERCIAL BANK.

(Supreme Court, Special Term, Kings County. January, 1902.)

1. DISSOLUTION OF CORPORATION—ACTION AGAINST STOCKHOLDERS.

   The people, under Code Civ. Proc. § 1785, subd. 4, brought an action to dissolve a banking corporation, and the permanent receiver appointed refused to sue stockholders on their statutory liability to make up a deficiency of assets over existing liabilities, as authorized by Laws 1892, c. 689, § 52, on the ground that the action was barred by limitations. *Held*, that there was no authority under the Code for an order, on the petition of a creditor of the corporation, to compel the attorney general to bring the stockholders into the action to dissolve the bank and determine their liability.

2. SAME—ACTION BY ATTORNEY GENERAL.

   Code Civ. Proc. § 1786, after declaring that an action by the people to dissolve a bank as provided by section 1785 shall be brought by the attorney general, provides for an action by a creditor, where the attorney general, after notice, omits to sue the stockholders; and it is only to such an action, and not to an action by the attorney general, that Code Civ. Proc. §§ 1790, 1795, authorizing the making of stockholders parties in order to determine their individual liability, and directing the form of the several judgments against such stockholders, apply.

Action by the people against the Commercial Bank. Application by a depositor and creditor of the bank for an order directing the attorney general to bring in, as parties defendant, stockholders of the bank, to determine their liability to make good a deficiency of the bank. Denied.

C. Augustus Haviland (Robert Stewart, of counsel), for petitioner, Thomas J. France.

John C. Davies, Atty. Gen. (Clarence W. Francis, Dep. Atty. Gen.), opposed.

BETTS, J. In this action a permanent receiver was appointed October 31, 1893. He duly qualified, has been acting as such, and made his final report in the year 1901. By this report it appears that there is an actual deficiency of assets of upwards of $70,000 over the liabilities still existing against the defendant. The receiver has not been discharged. This is an application made by Thomas J. France, a depositor and creditor of the Commercial Bank, for an order directing the attorney general to immediately bring in as parties defendant in this action the various stockholders of said bank, so that their individual liability towards making good the deficiency may be determined herein. It appears from the papers submitted that the receiver had heretofore been asked to commence an action against the stockholders to ascertain their individual liability to these depositors, which the receiver declined to do on the

ground that such an action could not be successfully maintained, because of being barred by the statute of limitations. No authority for the order herein asked for is shown, but the court is asked, from certain sections of the Code of Civil Procedure, to find the authority for this proposed order and action. The liability of the stockholders is fixed by the banking law (Laws 1892, c. 689, § 52), which section, as originally passed, so far as applicable to this case, was as follows:

"Sec. 52. Individual Liability of Stockholders. Except as prescribed in the stock corporation law, the stockholders of every such corporation shall be individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporation to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares."

In 1897, by chapter 441, this section 52 was amended by adding to the foregoing the following:

"In case any such corporation shall have been or shall be dissolved by final order or judgment of a court having jurisdiction, and a permanent receiver or receivers of the said corporation shall have been or shall be appointed, all actions or proceedings to enforce the liability of stockholders under this section shall be taken and prosecuted only in the name and in behalf of such receiver or receivers, unless such receiver or receivers shall refuse to take such action or proceeding upon proper request in that behalf made by any creditor, and in that event such action or proceeding may be taken by any creditor of the corporation."

Without going through the various provisions of the statute relating to the appointment of receivers of insolvent banking corporations, and the procedure therein, it is sufficient to say that the liability of the stockholders in cases of this kind is derived from the banking law; and the authority of the attorney general to act, and the procedure, the action having been commenced, are controlled and directed by the Code of Civil Procedure. See Code Civ. Proc. c. 15, tit. 2, art. 3. The attorney general maintains that there is no authority in the Code or banking law authorizing the proceeding or action which it is sought here to direct him to begin. The difference between the attorney general and the petitioner is as to the construction which is to be given to the various sections of this article 3, supra. The attorney general also insists that now, by statute, by the amendment of 1897 (the amendment of the banking law heretofore noted), no action can be maintained herein by him; the receiver alone being authorized to bring such action.

I shall very briefly refer to the sections of article 3, so far as is necessary to show the reasons for the decision arrived at herein. These sections, taken as a whole, seem to plainly provide for two classes of actions to wind up the affairs of a corporation of this kind. One is the kind of action in which this motion is made, brought by the attorney general under subdivision 4 of section 1785 and section 1786. Section 1786 also provides as follows:

"Whenever a creditor or stockholder of any corporation submits to the attorney-general a written statement of facts, verified by oath, showing grounds for an action under the provisions of the last section, and the attorney-general omits, for sixty days after this submission, to commence an action specified in the last section, then, and not otherwise, such cred-

itor or stockholder may apply to the proper court for leave to commence such an action, and on obtaining leave may maintain the same accordingly."

This section provides for separate action by the creditor, and is apparently the only authority given for an action of that kind, except the judgment creditor's action provided for in section 1784. Hence we have the two kinds of action provided for,—one to be brought by the attorney general in the name of the people, and the other by a creditor in event of attorney general, on proper notice, omitting to bring an action.

Section 1790 is as follows:

"Sec. 1790. Making Stockholders, etc., Parties. Where the action is brought by a creditor of a corporation, and the stockholders, directors, trustees, or other officers, or any of them, are made liable by law, in any event or contingency, for the payment of his debt, the persons so made liable, may be made parties defendant, by the original or by a supplemental complaint; and their liability may be declared and enforced by the judgment in the action."

This section, it will be seen, relates not at all to the action brought by the attorney general (this action), but to the action authorized by section 1786, where the attorney general has omitted to bring the action on notice. This is the only section in this article that authorizes the bringing in of a stockholder as a party defendant. The judgment in this creditor's action is provided for by section 1795, which is as follows:

"Sec. 1795. Judgment; as to Liabilities of Directors and Stockholders. If it appears, that the property of the corporation, and the sums collected or collectible from the stockholders, upon their stock subscriptions, are or will be insufficient to pay the debts of the corporation, the court must ascertain the several sums, for which the directors, trustees, or other officers, or the stockholders of the corporation, being parties to the action, are liable; and must adjudge that the same be paid into court, to be applied, in such proportions and in such order as justice requires, to the payment of the debts of the corporation."

By this section it will be seen that, where the stockholders are parties to the action, the court must adjudge the amount for which the stockholders, "being parties to the action," are liable, and direct its payment into court, to be applied, as justice requires, to the payment of the debts of the corporation. This section must plainly be construed in connection with sections 1786 and 1790, as there is no authority in this article anywhere for the attorney general, acting on behalf of the people, to make the stockholders of the corporation defendants in either of the kind of actions contemplated by this article.

My attention has been called to certain portions of opinions in various cases, which, taken alone, would seem to give a different construction to the sections of the Code herein construed, but in none of them was the question here decided before the court for decision.

I conclude, then, that this application, made on behalf of the petitioner, is unauthorized by law, and should be denied. An order may be entered accordingly, with $10 costs to the attorney general.

Application denied, with $10 costs.